**FORM 104 (10/06)**

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>ENGLAND RODNEY BENTON<br>ENGLAND CYNTHIA GORDON | **DEFENDANTS**<br><br>LITTON LOAN SERVICING, LP AND<br>STAWIARSKI & ASSOCIATES, PC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>O. MAX GARDNER, III<br>P.O. BOX 1000<br>SHELBY, NC 28151-1000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>COMPLAINT SEEKING DAMAGES IN NON CORE ADVERSARY PROCEEDING ||

| **NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.) ||
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☐ 11- Recovery of money/property - §542 turnover of property<br>☐ 12- Recovery of money/property - §547 preference<br>☐ 13- Recovery of money/property - §548 fraudulent transfer<br>☐ 14- Recovery of money/property – other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner-§363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - § 727(c), (d), (e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability-§523(a)(4),fraud as fiduciary, embezzlement, larceny<br><br>(continued next column) | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 63-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – reinstatement of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) – Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) – Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) – Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>X 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) Discharge Violation NCUDAP and FDCPA |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand  $TO BE DETERMINED BY THE COURT |
| Other Relief Sought ||

**FORM 104 (10/06), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ENGLAND, RODNEY BENTON AND CYNTHIA GORDON | | BANKRUPTCY CASE NO.<br>01-40147 |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF NORTH CAROLINA | DIVISIONAL OFFICE<br>SHELBY | NAME OF JUDGE<br>GEORGE R. HODGES |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>05/21/2007 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>O. MAX GARDNER, III | |

## INSTRUCTIONS

The filing of a bankruptcy case creates and "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing a adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court.  In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs this information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party.**  Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
SHELBY DIVISION**

IN THE MATTER OF:

| | | |
|---|---|---|
| NAME: | ENGLAND, RODNEY BENTON | Chapter 13 No. 01-40147 |
| | ENGLAND, CYNTHIA GORDON | Our File No. 9917 |
| ADDRESS: | 109 WHITEROCK ROAD | |
| | GROVER, NC 28073 | |
| SSN: | --- -- 0451 & --- -- 7289 | |

**Debtors.**
_____

**RODNEY BENTON ENGLAND AND WIFE,
CYNTHIA GORDON ENGLAND**                    **Adversary Proc. No. 07-_____**

**Plaintiffs,**

versus

**LITTON LOAN SERVICING, LP AND
STAWIARSKI & ASSOCIATES, P.C.**

**Defendants.**
_____

**COMPLAINT SEEKING DAMAGES IN NON- CORE ADVERSARY PROCEEDING**

<u>Introduction</u>

1.  This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their efforts to collect a debt discharged by the debtors' bankruptcy. Defendants' conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiffs seek monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* and the North Carolina Unfair and Deceptive Act and Practices Laws, G.S. Section 75-50 et seq.

2.  This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case, the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

## Jurisdiction

3.     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4.     This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Western District of North Carolina on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

5.     This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6.     This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

7.     This matter is primarily a non-core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined not to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

8.     Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

9.     Plaintiffs are citizens and residents of Grover, Cleveland County, North Carolina, and are debtors under Chapter 13 of Title 11 of the United States Code.  The Plaintiffs are hereinafter referred to as the Plaintiffs or the Debtors.

10.    The Defendant, Litton Loan Servicing, LP ("Litton") is a Limited Partnership organized and existing under the laws of the State of Delaware with its principal place of business located at 1013 Centre Road, Wilmington, DE 19805.  Litton is the successor in interest to Conseco Finance Servicing Corporation ("Conseco") pursuant to a Notice of Transfer of Claim filed in the debtors' Chapter 13 case on December 31, 2003.  Pursuant to this Notice of Transfer, Litton became the servicer of the debtors' loan on a 1987 Sterling Providence manufactured home bearing serial number ending in "20807" which is the subject of this action.

11.    The Defendant Stawiarski & Associates, P.C. ("S&A") is a Professional

2

Corporation organized and existing under the laws of the State of Colorado with a principal office address of 6560 Greenwood Plaza Blvd., Suite 325, Englewood, CO 80111. S&A is a law firm in the business of collecting debts and regularly represents Litton and other parties in the collection of debts such as the alleged debt which is the subject of this action.

## Facts

12. On December 29, 1987 the Plaintiffs purchased a 1987 Sterling Providence mobile home, bearing a serial number ending in "20807" from Quality Built Homes, Inc. in Cherryville, NC for the purchase price of $26,200.00. The loan was originally financed by All Valley Acceptance Company who transferred, sold or assigned the loan to Conseco sometime prior to the filing of the debtors' Chapter 13 petition.

13. On February 9, 2001, the Plaintiffs sought protection from their creditors by filing a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina.

14. The 341(a) meeting of creditors was held in Shelby, North Carolina on March 16, 2001.

15. The Chapter 13 plan of the Plaintiffs was subsequently confirmed by order of this Court dated April 3, 2001.

16. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a secured debt was listed in favor of Conseco for the first lien on the debtors' 1987 Sterling Providence manufactured home in the approximate amount of $16,873.44, with $5014.00 to be paid through the plan as a secured debt and $11,859.44 to be paid as an unsecured split claim.

17. Conseco filed an Objection to Confirmation, incorrectly identifying the subject personal property as a 1997 All Valley Services manufactured home, and identifying the serial number as "SMIINC20807." Conseco alleged that the value of the property was $16,309.15 and not $5014.00 as set forth in the debtors' petition.

18. On April 30, 2002, a Consent Order was entered in the debtors' bankruptcy case wherein the value of the subject mobile home was set at $8500.00 to be paid as a secured claim in favor of Conseco at 10% interest. The unsecured split claim was set on the records of the Trustee at $7996.35.

19. The Trustee disbursed the total sum of $8500.00 plus interest in the sum of $1957.31 on the secured claim, and $2333.43 on the unsecured split claim. The Trustee disbursed payments to Conseco until December 31, 2003 at which time the disbursements began going to Litton pursuant to the Notice of Transfer of Claim.

20. At all times alleged herein, the Plaintiffs state that the subject debt to Litton was secured by a mobile home which was and is a 1987 Sterling Providence manufactured home bearing a serial number ending in "20807" (said serial number is otherwise not accurately identifiable at the time of the filing of this complaint). However, Litton assigned the subject debt an account number of 8717043.

21. At all times alleged herein, the Plaintiffs further state that the subject debt to Litton was and is not secured by any real property whatsoever.

22. On May 19, 2006, the Plaintiffs were granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiffs allege that this Discharge included the debt to Litton on the subject mobile home.

23. On July 17, 2006, the Plaintiffs' attorney sent via certified mail return receipt requested, a demand for the release of the lien on the title to the subject mobile home to Litton at 4828 Loop Central Drive, Houston, TX 77081-2226.

24. On August 15, 2006, Litton responded with written correspondence which stated in pertinent part, "Litton Loan Servicing is in the process of releasing the lien on the property." The said letter referenced loan number 8717043.

25. On September 12, 2006, Litton provided the Plaintiffs with Loan Satisfaction Documents including a Lien Release and a copy of the Manufactured Home Retail Installment Sales Contract and Security Agreement. The said Loan Satisfaction Documents referenced loan number 8717043.

26. The Plaintiffs allege that on January 09, 2007, they received a telephone call from an agent at Litton who advised them via a voice message left on their answering machine that the debtors owed a "charge off" amount on the subject loan. The call originated from the phone number 713-218-4513.

27. The male debtor alleges that he returned the call on January 9, 2007 and spoke to an agent for Litton. The agent stated to the male debtor that money was owed, but the agent did not identify a specific amount. The agent further represented to the male debtor that the debt was on the debtors' residence at 109 Whiterock Road, Grover, NC. The male debtor attempted to correct the agent by explaining that the debt was for a mobile home which had been paid through his plan and that he had obtained the lien release from Litton. The agent denied that the subject debt was for a mobile home.

28. In another attempt to get this matter straightened out, the male debtor called Litton on January 19, 2007 and spoke to an agent for Litton who identified himself as "Emilio Martinez" ("Martinez"). The male debtor asked how much Litton was showing he owed and Martinez stated that the payoff was $12,751.63 good through February 8, 2007. Martinez further identified the account number as 8717043 and that this debt was a "charge off" for property located at 109 Whiterock Road, Grover, NC. Martinez' phone number was 1-800-247-9727 Extension 4513. The debtor again tried to explain that the debt originated with the purchase of a 1987 Sterling Providence mobile home which had been paid through his bankruptcy and that he had received the title with the lien release. Martinez insisted that the debt was not for a mobile home but for the debtors' residence.

29. On or about March 17, 2007, the Plaintiffs received a letter from Litton advising them that their loan had been transferred and/or referred to "Mountain Peaks Financial Services, Inc." for collection; however the Plaintiffs never received any correspondence from this entity.

4

30. On or about April 27, 2007 the Plaintiffs received a demand letter from the Defendant S&A dated April 23, 2007. The letter identified the debt as the Litton debt having account number 8717043 and demanded the sum of $12,894.14.

31. The said demand letter stated in pertinent part, "Please be advised that Stawiarski & Associates, P.C. represents Litton Loan Servicing, Lp with regard to the balance due and owing on the above referenced promissory note ('Note'). Pursuant to the Fair Debt Collection Practices Act, you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose." The said demand further stated, "Nonpayment of the Note has resulted in a default and the total amount of $12894.14 is now due and owing as of the date of this letter. The total amount due includes unpaid principal of $9272.52, interest of $3621.62 and miscellaneous fees or advances of $0.00." The said demand further stated in all capital letters and in bold, "**FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE www.ago.state.co.us/CADC/CADCmain.cfm.**"

32. The Plaintiffs received a telephone call from S&A on April 27, 2007. The calling agent for S&A only left a voice message stating to return the call at 1-800-868-9685, but left no further details.

33. On approximately May 9, 2007, the male debtor contacted S&A and spoke to an agent for S&A who identified herself as "Mandy." Mandy stated that the amount owed was $12,949.02 and that the loan was a mortgage from Litton that originated in 1988. Mandy stated to the male debtor that he needed to get some type of payment arrangement made and start making payments this month "because the lawyers are going to start reviewing cases very soon."

34. On or about May 4, 2007 the debtors received a telephone call from an agent of S&A who only left a voice message on the debtors' answering machine stating that the male debtor needed to call the office of S&A.

35. On or about May 11, 2007, the debtors received a letter from S&A that included a request for a "Financial Profile" from the debtors with a summary of their monthly income and expenses and places of employment. The said letter stated, "This form is used to schedule a payment plan for your account in our office."

36. The actions of the Defendants as alleged herein constitute negligence and willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

37. The actions of the Defendants as alleged herein are acts in violation and contempt of the Order of Discharge entered by this Court.

38. The actions of the Defendants as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq., and the North Carolina Deceptive Practices Law, G.S. Section 75-50, et seq.

39. The Plaintiffs have been severely agitated, annoyed, traumatized, harassed, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Defendants and have feared losing their residence, which is not now and never has been

secured by the subject debt or by Defendant Litton. Furthermore, the Plaintiffs have been led to believe by Defendant S&A that the Plaintiffs are subject to the laws of the State of Colorado and that they would have to defend themselves in that state.

### FIRST CLAIM – WILLFUL VIOLATION OF DISCHARGE INJUNCTION

40. The allegations of paragraphs 1-39 above are realleged and incorporated herein by reference.

41. The actions of Defendants in this case, in seeking to collect payment on a discharged debt by falsely and deceptively attempting to coerce the debtors are in violation of the discharge injunction entered in Plaintiffs' bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

42. The actions of the Defendants in seeking to collect on a debt after the debtors' lawful discharge, constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524.

43. The conduct of the Defendants in this case has substantially frustrated the discharge order entered by this Court and has caused the debtors unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

44. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code.

45. In order to protect debtors who have completed their Chapter 13 plans and secured a full discharge thereunder this Court must impose sanctions against the Defendants for their misconduct in this case.

46. As a result of the Defendants' violations of 11 U.S.C. Section 524, the Defendant is liable to the Plaintiffs for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

### SECOND CLAIM - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

47. The allegations of paragraphs 1-46 above are realleged and incorporated herein by reference.

48. The foregoing acts and omissions by the Defendants constitute violations of the FDCPA, which include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods; and

    (b)    The Defendants violated 15 U.S.C. Section 1692c(a)(2) in contacting the Plaintiffs when the Defendants knew the debtors were represented by an attorney.

49.    The Plaintiffs are therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

### THIRD CLAIM – ADDITIONAL VIOLATION OF THE FDCPA

50.    The allegations in paragraphs 1-49 of this complaint are realleged and incorporated herein by this reference.

51.    The Defendants additionally violated the FDCPA. Defendants' violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

52.    As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for actual damages, statutory damages of $1,000.00, and attorney's fees.

### FOURTH CLAIM - NORTH CAROLINA UNFAIR AND DECEPTIVE ACTS AND PRACTICES

53.    The allegations in paragraphs 1-52 of this complaint are realleged and incorporated herein by this reference.

54.    The Plaintiffs are "consumers" as that term is defined by Article 2 of Chapter 75 of the North Carolina General Statutes.

55.    The Plaintiffs' relationship with the Defendants arose out of a "consumer debt" as that term is defined in Article 2 of Chapter 75 of the North Carolina General Statutes.

56.    The Defendants were and are "debt collectors" as that term is defined by applicable provisions of Article 2 of Chapter 75 of the North Carolina General Statutes.

57.    Under the provision of Section 75-52 of the North Carolina General Statutes the Defendants were and are prohibited from engaging in any conduct the natural consequences of which is to oppress, harass or abuse any person.

58.    As a result, the Defendants are liable for statutory damages in the sum of no less than $2,000.00 for violation of N.C.G.S. Section 75-50, et seq. and the payment of legal fees and expenses.

### FIFTH CLAIM – ADDITIONAL VIOLATION OF NCUDAP

59. The allegations in paragraphs 1-58 of this complaint are realleged and incorporated herein by this reference.

60. The actions and conduct of the Defendants were oppressive and abusive in violation of the applicable provisions of Article 2 of Chapter 75 of the North Carolina General Statutes as follows:

  (a) The Defendants violated 75-54(4) by falsely representing the character, extent, or amount of a debt owed by the debtors; and

  (b) The Defendants violated 75-54(4) by falsely representing the creditors' rights; and

  (c) The Defendants violated 75-55 by collecting or attempting to collect a debt by use of unconscionable means; and

61. The Defendants violated Sections 75-55(3) and 58-70-115(3) in contacting the Plaintiffs when the Defendants knew the debtors were represented by an attorney.

62. The actions and conduct of the Defendants were oppressive and abusive in violation of the applicable provisions of Article 2 of Chapter 75 of the North Carolina General Statutes.

63. As a result of the above violations of the NCUDAP, the Defendants are liable to the Plaintiffs for actual damages, statutory damages and attorney's fees.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants respectfully pray of the Court as follows:

  A. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

  B. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

  C. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

  D. That the Plaintiffs have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney;

  E. That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of N.C.G.S. Section 75-50, et seq.;

  F. That this Court order the Defendants to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

      G.      That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Date this the 21st day of May, 2007.

*/s/ C. M. Gardner III*

_____
O. Max Gardner III
Law Offices of O. Max Gardner III
Attorney for the Plaintiffs
N.C. State Bar No. 6164
P.O. Box 1000
Shelby, NC 28151-1000
Phone (704) 487-0616
Fax (704) 487-0619
e-mail: maxgardner@maxgardner.com